SABERS, Justice
(dissenting on Issue 2).
[¶ 33.] I respectfully dissent on Issue 2 as CERCLA preempts SDCL 15-2A-3, the statute of repose. Generally, remedial statutes are construed liberally in favor of a remedy or in favor of those entitled to the benefit of the statute. See Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 431, 59 S.Ct. 262, 266, 83 L.Ed. 265 (1939); see also Remedial Statutes, generally, 73 Am.Jur.2d Statutes § 185 (updated March 2008). We should avoid the technical, strict construction the majority opinion applies, in favor of a liberal construction to promote justice and the intention of Congress.
[¶ 34.] CERCLA was enacted to “impose[ ] liability on persons responsible for the release of hazardous waste.... ” Supra ¶ 21. Moreover, CERCLA preempts “the applicable limitations period for such action (as specified in the State statute of limitations or under common law)” and replaces the limitation period with a “federally required commencement date.” 42 U.S.C. § 9658(a)(1). In this case, the statute of repose is a limitation on the action and should be replaced with the federal commencement date. If Congress amended CERCLA because “certain State statutes deprive plaintiffs of their day in court,” see HR Conf Rep No 99-962 at 261, reprinted in 1986 U.S.C.C.A.N. 3276, 3354, then a statute of repose should be interpreted to be “the applicable limitations period for *418 [the] action.” See 42 U.S.C. § 9658(a)(1). If the statute was properly interpreted liberally, then Congress’ intent of giving “plaintiffs ... their day in court” would be fulfilled.
[¶ 35.] The majority opinion’s strict interpretation of CERCLA thwarts Congressional intent. We should use common sense and hold that CERCLA preempts the statute of repose. Because the majority opinion reaches a decision contrary to the purpose of CERCLA, I dissent.